IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JASON PAUL ARNOLD,

                Plaintiff,

  v.

KEVIN GILLIS, JOSH CHRISTMAN,                OPINION and ORDER
WILLIAM FISHER, J. MICHAEL BITNEY,
DANIEL CHAPMAN, AARON MARCOUX,             21-cv-389-jdp
GREGORY J. VAN RYBROEK, THOMAS
DEBOER, JOSHUA CAMINS, TYLER LAWS, and
STATE OF WISCONSIN,

                Defendants.

---

Pro se plaintiff Jason Paul Arnold, an inmate at Washburn County Jail, alleges that agents of the state of Wisconsin have conspired to falsely imprison him. Arnold has paid the full filing fee. Dkt. 3. Nevertheless, because Arnold is a prisoner suing government employees, I must screen the complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A. Many of Arnold's claims are frivolous and will be dismissed. The remainder of Arnold's complaint violates the Federal Rules of Civil Procedure by attempting to join unrelated claims into a single lawsuit, so he cannot proceed on his claims at this point. I will give Arnold a short time to choose how he wishes to proceed.

ALLEGATIONS OF FACT

I draw these allegations from Arnold's complaint. Dkt. 1. Arnold's complaint is 102 pages long, and many of his allegations aren't relevant to his claims, so I will provide a brief summary of the essential facts.

In July 2020, Arnold was in his car in a parking lot in Hayward, Wisconsin. Defendant Deputy Kevin Gilles began driving erratically in the lawn near the parking lot, which caused Arnold to fear for his safety. Arnold drove away. A deputy attempted to pull Arnold over. Arnold was afraid that the police would hurt him, so he continued driving to find a safe place to pull over. Defendant Deputy William Fisher started coming at Arnold in the wrong lane. Arnold pulled over and was arrested. Defendant Deputy Josh Christman later reported that Arnold was the one driving in the wrong lane.

Arnold was charged with reckless driving, battery to law enforcement, and attempting to flee or elude an officer. The prosecutor in the case, defendant Aaron Marcoux, filed a complaint against Arnold that excluded evidence that Arnold was initially "attacked" by Deputy Gillis in the newspaper parking lot. Arnold wanted to go to trial, but defendant Daniel Chapman, Arnold's public defender, told Arnold that he wasn't entitled to a jury trial. Proceedings on Arnold's charges were held before defendant Judge J. Michael Bitney. Arnold filed habeas petitions and asked the court for a speedy trial. As retaliation, Judge Bitney deemed Arnold incompetent and ordered that Arnold be held at Mendota Mental Health Institute (MMHI).

Defendant Tyler Laws, a psychiatrist at MMHI, gives Arnold medication against his will. Laws is attempting to slowly murder Arnold with his drugs. Defendant Thomas Deboer is another psychiatrist who has attempted to brainwash Arnold in his support group. Defendant

Joshua Camins is an MMHI employee as well. MMHI is run by Defendant Gregory J. Van Rybroek, who is aware that Arnold is being held at the facility unlawfully.

ANALYSIS

Arnold's pleading is flawed in several ways. Many of Arnold's claims are legally and factually frivolous. Arnold alleges that his arrest, prosecution, and commitment violate his rights as a sovereign citizen. These sorts of sovereign citizen claims are groundless and the court of appeals instructs that they should be summarily dismissed. *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011). And many of Arnold's claims are utterly implausible, including his allegation that all defendants have conspired to falsely imprison him. These sorts of paranoid allegations are factually frivolous and cannot form the basis of a claim. *See Edwards v. Snyder*, 478 F.3d 827, 829 (7th Cir. 2007).

Arnold cannot state any viable claims against the judge and counsel in his state-court criminal proceedings. Arnold has not stated a claim against Judge Bitney because judges have absolute immunity from liability for their judicial conduct. *Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001). He also fails to state a claim against defendant Marcoux, because Marcoux is immune from liability for conduct taken in his capacity as a prosecutor. *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) ("[A] state prosecutor ha[s] absolute immunity for the initiation and pursuit of a criminal prosecution, including presentation of the state's case at trial."). And Arnold has not stated a federal claim against defendant Chapman, his public defender, because a public defender representing a defendant is not acting under the color of state law for the purposes of § 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Chapman was "not acting

on behalf of the State; [he was] the State's adversary." *Id*. at 322 n.13. So those defendants will be dismissed.

That leaves Arnold's claims against the officers for his wrongful arrest and Arnold's claims against MMHI staff for his involuntary commitment and treatment. These claims cannot be brought in the same lawsuit. Under Federal Rule of Civil Procedure 20, Arnold may name multiple defendants in the same suit only if he asserts claims against all of them that (1) arise out of the same transaction or occurrence; and (2) include a question of law or fact that will apply to all defendants. *George v. Smith*, 507 F. 3d 605, 607 (7th Cir. 2007). The claims against the officers and the claims against MMHI staff stem from distinct sets of events. And the two sets of claims involve separate legal questions. The first set of claims has to do with whether Arnold's arrest was lawful, and the second has to do with whether Arnold's due-process rights were violated by his treatment at MMHI.

I will give Arnold a short time to decide which set of claims he chooses to pursue under this lawsuit: his claims related to his arrest, or his claims related to his treatment at MMHI. After he chooses a set of claims, I will treat the portion of his complaint that describes those claims as the operative pleading, and I will screen the claims that he has chosen. If Arnold wishes to pursue the other set of claims, he must raise them in a separate lawsuit. If he does not do so, those claims will be dismissed without prejudice, and he will be free to bring them at another time so long as he does so before the statute of limitations as run. If Arnold fails to respond to this order by the deadline below, I will dismiss this case for his failure to state a claim upon which relief may be granted and record a "strike" under 28 U.S.C. § 1915(g).

ORDER

IT IS ORDERED that:

1. Defendants J. Michael Bitney, Daniel Chapman, and Aaron Marcoux are DISMISSED from the case.

2. Jason Paul Arnold may have until February 3, 2022 to inform the court which set of claims he wishes to pursue in this lawsuit.

Entered January 13, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge